Before the Third Division, January 7, 1946

**No. 50796.**—Petitions 6494–R, etc., of Sears Roebuck & Co. (Chicago, etc.).

Opinion by Keefe, J. At the trial it was established that the merchandise was entered upon the basis of the export values and that similar merchandise had been so entered for a number of years. In this case, the appraiser returned upon the basis of the foreign value, a higher value than that upon which the merchandise was entered. Because of the war, no information was available, and appeals taken for reappraisement were subsequently abandoned. From a consideration of all the circumstances involved, the court held that the petitioner was without intention to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case or to deceive the the appraiser as to the value of the merchandise. (*Wroblewski* v. *United States*, 28 C. C. P. A. 150, C. A. D. 137, followed.) The petitions were therefore granted.

**No. 50797.**—Petition 6470–R of Norman G. Jensen (Pembina).

Opinion by Keefe, J. At the trial the broker making the entry testified that the goods came in by train, and entry was made at once so as to allow the shipment to proceed to its destination; that the value as entered was on the basis of the invoice value which was substantiated by the shipper; and that immediately after entry an inquiry was forwarded to the shipper as to the value, an amended entry being filed upon reply. However, the appraiser advanced the values over the entered value. An appeal for a reappraisement was taken and the court found a value higher than the amended entered value but lower than the value returned by the appraiser. From all the circumstances appearing herein the court was of the opinion that the petitioner used due diligence in determining the value at which entry should be made and was without intention to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

January 7, 1946

**No. 50798.**—Suit 4507.————————————————*United States* v. *Judson Sheldon Corp.* C. D. 871 affirmed. C. A. D. 318.